This case was consolidated for trial with the suit of Fannie Wilson Roberson v. Earl Morris, Sheriff, La. App.,32 So.2d 489.
This is an action by the purchaser at a judicial sale demanding delivery of the property purchased at said sale by the Sheriff, made defendant herein.
Rule to show cause was directed to the Sheriff to compel Sheriff to deliver property which was the subject of sale, which action was consolidated with suit in which judgment under which sale was made was entered. Judgment for defendant, and plaintiff appeals.
The above styled companion suit is a proceeding by the plaintiff, Fannie Wilson Roberson, against the Sheriff of Natchitoches Parish, demanding the payment of the sum of $864.27, being the net amount held in the hands of the Sheriff as the proceeds received from the sale of property at judicial sale.
The facts involved in this matter are simple, but the pleadings and the issues tendered thereby are complex and involved.
In the matter of Fannie Wilson Roberson v. Larry Balthazar et al., there was judgment in the Tenth Judicial District Court of Natchitoches Parish, Louisiana, in favor of plaintiff and against the defendant, Larry Balthazar, in the full sum of $4,000.00 There was further judgment in favor of plaintiff and against the defendants, Larry and Bernie Balthazar, setting aside, voiding and annulling a purported sale of property evidenced by an act of conveyance from Larry Balthazar to Bernie Balthazar. To this extent the judgment of the lower Court has this day been affirmed on appeal by judgment of this Court, La. App., 32 So.2d 482.
As a consequence of the money judgment in favor of Fannie Wilson Roberson against the defendant, Larry Balthazar, who prosecuted a devolutive appeal to this Court, certain personal property, consisting of farm machinery and implements, was seized under a writ of fi. fa. caused to be issued by the judgment creditor, Fannie Wilson Roberson.
The property was seized, advertised and sold by Earl Morris, the Sheriff of Natchitoches Parish. The sale took place on Wednesday, May 21, 1947, and at the sale the plaintiff in this matter, C.D. Hendricks, was adjudged to be the last and highest bidder, and, as such, the property was adjudicated to the said C.D. Hendricks on his bid of $1,001.00. The costs of the sale, amounting to $136.73, were deducted from the amount bid and paid over to the Sheriff by the purchaser, and the balance of $864.27 was retained in the hands of the defendant Sheriff. *Page 488 
The said Sheriff refused to deliver the property purchased at the judicial sale to the plaintiff herein, and this proceeding to compel delivery was instituted.
The demands of this plaintiff, for delivery of the property purchased, and of Fannie Wilson Roberson, plaintiff in the companion suit, seeking the net proceeds of the sale, are resisted by the defendants, Sheriff, on the ground that there was a prior existing mortgage against the property offered for sale; that the purported adjudication was null and void for the reason that the amount bid was insufficient to discharge the amount of said mortgage with accrued interest thereon.
The mortgage referred to in the Sheriff's answers in these suits was given by Larry and Bernie Balthazar in favor of Russell E. Gahagan in the principal sum of $1,000.00, with interest at the rate of 8% from date of the execution of said mortgage on April 23, 1946, until paid.
It appears that Gahagan, as the mortgage creditor under the instrument described, intervened in the suit of Fannie Wilson Roberson v. Larry Balthazar, et al., by petition filed on May 16, 1947, 'in which the said Gahagan, as mortgagee, claimed the proceeds of the sale, to be made under fi. fa., by preference and priority over the judgment creditor. This intervention was withdrawn, over the objection of opposing counsel, on motion of Gahagan made May 22, 1947. On the same date, that is, May 22, 1947, in an action by Russell Gahagan against Larry Balthazar et al., No. 26,217 on the docket of the Tenth Judicial District Court, Gahagan prayed for the issuance of an order of executory process and the seizure and sale of the mortgaged property for the payment of his claim. A petition of third opposition was filed is proceeding by C.D. Hendricks, plaintiff in the suit before us. The said named petitioner and third opponent prayed for the issuance of a writ of injunction restraining and enjoining the Sheriff from proceeding with the sale under executory process. Third opponent further prayed for judgment in his favor and against Gahagan and the Sheriff for various sums as damages. The injunction issued, as prayed for, by judgment of the district Court, on June 24, 1947.
On June 4, 1947, Larry Balthazar brought suit against this plaintiff, C.D. Hendricks, the Sheriff, Earl Morris, and the Clerk of Court, which suit bears No. 26,230 on the docket of the Tenth Judicial District Court, in which he sought the annulment of the sale made under fi. fa. on May 21, 1947, and the erasure of the proces verbal thereof from the records of Natchitoches Parish. Answer on behalf of defendant was filed in this proceeding, in which pleading the validity of the mortgage executed by Larry Balthazar to Russell E. Gahagan was directly attacked.
Eliminating unimportant technical considerations and stripping the matter to the heart, the issue herein presented to us becomes startlingly clear and simple.
In the final analysis the right of this plaintiff, C.D. Hendricks, to delivery of the property purchased at sheriff's sale under writs of fi. fa., and the right of Fannie Wilson Roberson, plaintiff in the action against Earl Morris, Sheriff, No. 7121 on the docket of this Court, to the net proceeds of said sale as the judgment creditor at whose instigation the writs of fi. fa. were issued, must absolutely depend upon the determination of the matter of the validity vel non of the chattel mortgage given by Larry and Bernie Balthazar to Russell E. Gahagan, an issue which has not yet been determined by the lower Court and upon which, therefore, we cannot express an opinion.
Under the circumstances this Court does not feel that it is possible to pronounce definitively on these causes. Under the authority of Article 906 of the Code of Practice appellate courts are accorded the right to remand such a cause to the lower Court to the end that a definitive judgment may be pronounced.
Accordingly, it is ordered, adjudged and decreed that this cause be and it is hereby remanded to the Tenth Judicial District Court in and for the Parish of Natchitoches, State of Louisiana, with instructions that it there be held pending determination of the issues before said Court respecting the question of the validity vel *Page 489 
of that certain mortgage executed by Larry and Bernie Balthazar under date of April 23, 1946, as recorded in Mortgage Book 188, Page 68, and Chattel Mortgage Book 18, Page 482, in the Records of Natchitoches Parish, Louisiana, which issue has been tendered to the said Court by the pleadings in Suit No. 26,217 on the docket thereof entitled Russell E. Gahagan v. Larry Balthazar et al., and Suit No. 26,230 on the docket of said Court entitled Larry Balthazar v. C. D. Hendricks et al.
It is further ordered, adjudged and decreed that all proceedings bearing upon the point above set forth, as and when presented to and determined by the District Court, shall be incorporated in and made a part of the record in this case, after which this cause shall be returned for final determination to this Court, which retains jurisdiction of the appeal herein for such purpose.
Assessment of costs of this proceeding to await final determination hereof.
KENNON, J., absent.